# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 94 CR 555 - 3 | DATE | MARCH 26, 2001 |
| CASE TITLE | UNITED STATES OF AMERICA v. OSCAR WILLIAM OLSON | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Pursuant to the remand from the Seventh Circuit, the Clerk of the Court is directed to amend the judgment to provide that restitution shall be in the amount of $75,000 to be paid to the Chicago Housing Authority. Restitution shall be paid in full not later than the expiration of supervised release.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | 5 number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | MAR 27 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 611 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | 3/26/2001 date mailed notice | |
| CW | courtroom deputy's initials | 01 MAR 26 PM 4:32 | MQM mailing initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
        Plaintiff, )
)
v. ) No. 94 CR 555-3
)
OSCAR WILLIAM OLSON, )
        Defendant. )

DOCKETED
MAR 27 2001

## MEMORANDUM OPINION AND ORDER

Following a jury trial with codefendants, defendant Oscar Olson was acquitted on conspiracy and wire fraud counts, but found guilty of three substantive counts of money laundering in violation of 18 U.S.C. § 1957. The parties agree the money laundering counts involved laundering of $25,000 each. Olson was sentenced to concurrent terms of 120 months on two of the counts, and a consecutive sentence of one month on the other count, as well as two years of supervised release, and ordered to pay $10,000,000 in restitution. The convictions were affirmed on direct appeal and the Supreme Court subsequently denied certiorari. See United States v. Polichemi, 219 F.3d 698 (7th Cir.), cert. denied, 121 S. Ct. 485 (2000). The term of incarceration was affirmed, but the order of restitution was vacated and remanded. See id. at 714. The Seventh Circuit held

that the $10,000,000 figure improperly included losses caused by conduct for which Olson was acquitted.

> . . . The government concedes that restitution cannot be ordered that relates to conduct for which the defendant has been acquitted. See United States v. Kane, 944 F.2d 1406, 1415 (7th Cir. 1991). Because the $10 million order necessarily had this effect, we must remand the order of restitution that runs against Olson so that the district court can recalculate the amount he owes. In so doing, the court must follow the provisions of the Mandatory Victim Restitution Act of 1996, 18 U.S.C. § 3663A, because Olson was convicted of an offense of property as described in § 3663A(c)(1)(A)(ii). Furthermore, the order may not take into account Olson's own economic circumstances. See 18 U.S.C. § 3664(f)(1)(A). On the other hand, the burden is on the government to prove by a preponderance of the evidence the amount of the loss sustained "as a result of the offense." To the extent that Olson's financial resources and needs are pertinent to other issues, such as the rate of payment he must make, the burden will be on him to show those facts. See id. § 3664(e). See also United States v. Walton, 217 F.3d 443, 451-52 (7th Cir. 2000).

Id.

Olson has been represented by counsel on remand.[1] The parties are in agreement that the amount of restitution related to his three counts of conviction is $75,000. These were funds that were obtained from the Chicago Housing Authority. Defendant, however, raises two grounds for not imposing this amount.

---

[1] Counsel for defendant are ordered to forthwith file their appearance forms. See Loc. Cr. R. 57.1. Failure to comply forthwith could result in the imposition of a fine. See Loc. Cr. R. 1.2; Loc. R. 83.16(e).

Contrary to the express holding in <u>Polichemi</u>, defendant contends that, because the offenses occurred prior to 1996, the Mandatory Victim Restitution Act of 1996 ("MVRA") should not be applied and therefore Olson's financial condition should be taken into account in imposing restitution. While some other circuits have so held, the Seventh Circuit continues to hold that the MVRA applies based on when a defendant is convicted, not based on when the offense conduct occurred. See <u>United States v. Lopez</u>, 222 F.3d 428, 440 (7th Cir. 2000). Unless and until the Seventh Circuit or the Supreme Court holds otherwise, this holding applies in this circuit. Olson's financial condition may not be considered in determining appropriate restitution.

Olson's other contention is that a consent decree in a civil case brought by the Securities and Exchange Commission already provides for payment of the same amounts that are the basis for restitution. Olson provides no documentation to support his contention and the government disputes Olson's description of the consent decree. In any event, civil proceedings generally do not foreclose criminal restitution and there apparently is no contention that the amounts at issue have already been paid in the civil proceeding. And if the amounts at issue are paid through the civil proceeding, Olson will be able to obtain an offset against the amount due for restitution. See 18 U.S.C. §§ 3664(f)(1)(B), 3664(j)(2); <u>United States v. Norris</u>, 217 F.3d 262, 268 n.10 (5th Cir. 2000); <u>United States v. Alalade</u>, 204 F.3d 536, 540-41 & n.4 (4th Cir.), <u>cert. denied</u>, 120 S. Ct.

2736 (2000); United States v. Leon-Delfis, 203 F.3d 103, 115-16 (1st Cir. 2000); United States v. Crawford, 169 F.3d 590, 593 (9th Cir. 1999); United States v. Sheinbaum, 136 F.3d 443, 448-49 (5th Cir. 1998), cert. denied, 526 U.S. 1133 (1999). There is no good reason to delay imposing $75,000 in restitution.

IT IS THEREFORE ORDERED that, pursuant to the remand from the Seventh Circuit, the Clerk of the Court is directed to amend the judgment to provide that restitution shall be in the amount of $75,000 to be paid to the Chicago Housing Authority. Restitution shall be paid in full not later than the expiration of supervised release.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: MARCH 26, 2001